```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
MALTHE THOMSEN,                          :         15cv2668 (DLC)
                                         :
                Plaintiff,               :      MEMORANDUM OPINION
                                         :          AND ORDER
        -v-                              :
                                         :
CITY OF NEW YORK; WILLIAM BRATTON,       :
Commissioner of the New York City        :
Police Department, in his individual     :
and official capacities; Detective       :
NELA GOMEZ, in her individual and        :
official capacities; Assistant           :
District Attorney RACHEL FERRARI, and    :
Assistant District Attorney NICOLE       :
BLUMBERG, in their individual and        :
official capacities; MARIA ANGELIKI      :
KEFALAS (a/k/a Mariangela Kefalas/Gigi   :
Kefalas), in her individual capacity,    :
                                         :
                Defendants.              :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

This case arises from the arrest and prosecution of Malthe Thomsen ("Thomsen"). Thomsen was prosecuted for sexually abusing children while he was a teacher. He alleges that Mariangela Kefalas, a colleague, intentionally made the false report on which his arrest and prosecution were based. He also alleges government officials made false statements to him about the strength of the evidence against him, causing him to give a false confession. Through a February 11, 2016 Opinion and Order, all claims against the governmental defendants were

1

dismissed, with the exception of a Fifth Amendment claim against Detective Gomez for coercing a false confession.  <u>Thomsen v. City of New York</u>, No. 15cv2668 (DLC), 2016 WL 590235, at *9 (S.D.N.Y. Feb. 11, 2016) (the "February Opinion").[1]

On August 24, 2016, the plaintiff moved for reconsideration of the Court's February Opinion.  He seeks to reinstate a claim of false arrest against Detective Gomez and a <u>Monell</u> Fifth Amendment claim against the City of New York.  Fact discovery is scheduled to conclude in September and the Pretrial Order is due on December 16, 2016.

The standard for granting a motion for reconsideration is "strict."  <u>Analytical Surveys, Inc. v. Tonga Partners, L.P.</u>, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (discussing a motion under Rule 59(e), Fed. R. Civ. P.).[2]  It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  <u>Analytical Surveys</u>, 684 F.3d at 52 (citation omitted).  Generally, a motion for

---

[1] Because none of the parties had directly addressed the Fifth Amendment claim in their briefing on the motion to dismiss, at a conference on March 16, 2016, the Court granted the City's motion for reconsideration and clarified that all <u>Monell</u> claims against New York City were dismissed.

[2] While the plaintiff characterizes his motion as one brought pursuant to Fed. R. Civ. P. 54(b), that rule does not apply to this application.

2

reconsideration must be brought within 14 days of a decision. Thomsen contends that information learned during discovery supports this motion to reinstate dismissed claims, and for that reason it is timely.

Under the standards governing a claim for false arrest and for qualified immunity set forth in the February Opinion, the motion to reinstate the false arrest claim against Detective Gomez must be denied.  As noted in that Opinion, "Thomsen wrote out a clear, if hesitant, confession to sexual wrongdoing involving children."  Thomsen, 2016 WL 590235 at *7.  He confessed again in a recorded interview with the ADA.  Id. at *8.

Thomsen's motion for reconsideration largely ignores this impediment to his claim of false arrest.  He does argue, however, that the defendants cannot rely on a confession to establish probable cause when there is a claim that the confession has been coerced.  This argument fails for two reasons.  First, this argument does not depend on any newly discovered information and could have been made in opposition to the motion to dismiss.  It was not, and therefore, it is barred as untimely.  Second, the two confessions still provide both probable cause for the arrest and qualified immunity for the arrest decision.  To the extent that Thomsen claimed that his

confession to Detective Gomez was coerced, that claim was recognized in the February Opinion as a Fifth Amendment claim, and the motion to dismiss that claim was denied. Id. at *9-10.

The circumstances that resulted in the dismissal of the Fifth Amendment Monell claim also remain unchanged. Thomsen failed to plead that there was a municipal policy or custom to obtain coerced or false confessions, and has not provided evidence now to support such a claim. Accordingly, it is hereby

ORDERED that Thomsen's August 24 motion for reconsideration is denied.

Dated:    New York, New York
          August 26, 2016

                                                                              _____
                                                                                DENISE COTE
                                          United States District Judge